IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-857 |
| **EGF ELECTRICAL INCORPORATED** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff National Electrical Benefit Fund ("Plaintiff" or "NEBF") brings this action against Defendant EGF Electrical Incorporated ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk entered default against Defendant on July 24, 2017. ECF No. 7. Now pending before the Court is Plaintiff's Motion for Partial Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Partial Default Judgment is granted.

**I.      BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Partial Default Judgment, ECF No. 6-1. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29

U.S.C. § 1002(2), which has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 1 ¶ 4; *see* ECF No. 6-1 at 1.[1] Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. ECF No. 1 ¶ 4. The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. *Id.*

Plaintiff states, upon information and belief, that Defendant is an Illinois corporation whose business address and main place of business is 20602 Abbey Drive, Frankfort, Illinois 60423. ECF No. 1 ¶ 5. Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce. *Id.*

At all times relevant to the action, Defendant was a signatory to collective bargaining agreements ("Collective Bargaining Agreements") with an IBEW Local Union, the collective bargaining representatives for Defendant's employees. *Id.* ¶ 6. According to the Complaint, the Collective Bargaining Agreements obligated Defendant to submit contributions to the NEBF on behalf of employees covered by the Agreements. *Id.* Defendant was also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust ("Trust Agreement"), which governed administration of the NEBF. *Id.* ¶ 7. Defendant was required to provide access to the records necessary for the NEBF to determine whether Defendant was complying with its obligations to submit contributions. *Id.* ¶ 8.

Defendant allegedly failed to allow the NEBF to complete an audit of Defendant's books and records after a demand for an audit was made. *Id.* ¶ 9. Thus, NEBF argues that pursuant to the Collective Bargaining Agreements, the Trust Agreement, and 29 U.S.C. § 11132(g)(D)(2),

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

Defendant is required to pay the attorney's fees, auditor fees, and court costs incurred by NEBF in connection with the audit and this action to compel compliance. *Id.* ¶ 10.

Plaintiff filed the instant Complaint against Defendant on March 30, 2017. ECF No. 1. Among other relief, Plaintiff sought access to Defendant's payroll records for the period of January 1, 2011 through December 31, 2015, for the purposes of conducting an audit to ensure that Defendant was making its required contributions. *Id.* at 4. The Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on April 4, 2017. ECF No. 4-1. An Answer was due on or before April 25, 2017. *Id.* No Answer was filed, Plaintiff moved for default on June 27, 2017, ECF No. 4, and the Clerk entered default against Defendant on July 24, 2017, ECF No.7. On July 19, 2017, Plaintiff filed the pending Motion for Partial Default Judgment, seeking an order requiring the Defendant to provide NEBF with access to its payroll records. ECF No. 6 at 2.

## II. STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted

because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. ANALYSIS

Plaintiff seeks an Order requiring Defendant to produce its books and records for an audit by Plaintiff, to ensure that Defendant has been making the appropriate contributions. The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the NEBF is administered in Rockville, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, the court has discretionary authority to grant injunctive relief when doing so is necessary to protect the rights of fund participants and beneficiaries. *Trustees of Washington Area Carpenters' Pension & Ret. Fund v. Mergentime Corp.*, 743 F.Supp. 422, 428 (D. Md. 1990); *see Laborers' Fringe Benefit Funds-Detroit and Vicinity v. Northwest Concrete & Constr., Inc.*, 640 F.2d 1350 (6th Cir. 1981); *see* 29 U.S.C. § 1132(a)(3). A plaintiff requesting injunctive relief must show that it is in need of injunctive or "other appropriate equitable relief" to remedy the breach, and that an adequate remedy is otherwise unavailable. *Phillips v. Brink's Co.*, 632 F. Supp. 2d 563, 575 (D. W.D. 2009). *See also Nat'l Elec. Ben. Fund v. Landers Enterprises, LLC*, No. PWG-14-0140, 2014 WL 3510227, at *7 (D. Md. July 11, 2014) (ordering defendant to produce its records, so plaintiff could determine any delinquent contribution payments). Here, Plaintiff has demonstrated that it is in need of equitable relief, and that no alternate adequate remedy is available. Plaintiff submits the affidavit of Angel Losquadro, Plaintiff's Director of Audit and Delinquency Department. ECF No. 6-1. Losquadro attests that "[d]espite multiple written requests, Defendant has failed to produce records for an audit," as they are required to do so under the Collective Bargaining Agreements and Trust Agreement. *Id.* ¶ 8. Plaintiff needs this audit to ensure that there are no delinquent contributions, and has no other way to ensure Defendant's compliance. *Id.* ¶ 11. The Court will grant Plaintiff's Partial Motion for Default Judgment.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Default Judgment, ECF No. 6, is granted against Defendant. Defendant must produce its payroll records for the period January 1,

2011 through December 31, 2015, to Plaintiff within 20 days of the signing of this Memorandum Opinion and accompanying Order. A separate Order shall issue.

Date: February 7, 2018

GEORGE J. HAZEL
United States District Judge